1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

US PLYWOOD INTEGRITY
COALITION,

                            Plaintiff,

        v.

PFS CORPORATION d/b/a/ PFS-
TECO, TIMBER PRODUCTS
INSPECTION, INC.,

                            Defendant.

CASE NO. 20-5042 BHS
             20-5043 BHS
             20-5044 BHS

ORDER ON NON-PARTY
AMERICAN PLYWOOD
ASSOCIATION'S MOTION TO
QUASH AND DEFENDANTS'
JOINT MOTION TO TRANSFER

        This matter comes before the Court on Non-Parties APA-The Engineered Wood

Association, Tom, Kositsky, and Steve Zylkowsi's (collectively "Non-Parties") motion to

quash subpoenas and for protective order, Dkt. 1, and Defendants PFS Corporation and

Timber Products Inspection's joint motion to transfer, Dkt. 14.[1] The Court has considered

---

[1] APA is moving to quash three separate subpoenas: one subpoena for documents and two subpoenas for depositions. Three separate actions were opened with the same motion filed in each action. *See US Plywood Integrity Coalition v. PFS Corporation, et al.*, 20-mc-05042-BHS; *US Plywood Integrity Coalition v. PFS Corporation, et al.*, 20-mc-05043-BHS; *US Plywood Integrity Coalition v. PFS Corporation, et al.*, 20-mc-05044-BHS. The Court's Order will issue for all three actions, but all docket citations are to the 20-5042 docket.

the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby rules as follows.

## I.   FACTUAL & PROCEDURAL BACKGROUND

This action arises out of three subpoenas issued in connection with a Lanham Act false advertising action pending in the United States District Court for the Southern District of Florida, *U.S. Structural Plywood Integrity Coalition, et al. v. PFS Corporation, dba PFS-TECO, et al.*, Case No. 0:19-cv-62225-RKA ("Florida Litigation"). Defendant TPI issued a subpoena in the Florida Litigation for APA documents, and Defendant PFS issued subpoenas requesting the deposition of Tom Kositsky, Director of APA's Field Services Division, and Steve Zylkowski, APA's former Quality Services Director. [2] The Non-Parties move to quash the subpoenas and for protective order, and Defendants ask the Court to transfer the Non-Parties' motions to the Florida Court for resolution.

APA is a 501(c)(6) non-profit trade association headquartered in Tacoma, Washington. It represents 45 plywood mills in the United States and Canada, twelve of which are plaintiffs in the Florida Litigation. Dkt. 3-1, Exhibit O, Florida Litigation Seconded Amended Complaint ("FL SAC"), at ¶ 68. "A central component of APA's mission is quality assurance and managing a stringently enforced quality inspection program designed to ensure that APA-member plywood mills . . . conform to all

---

[2] The Non-Parties indicate that a subpoena for non-party Mark Halverson, a former APA employee, is forthcoming but has yet to be served. Since there is no motion pending for the Court to quash, the Non-Parties request a protective order to prevent Halverson's deposition. Dkt. 1 at 4 n.1.

applicable product standards." *Id.*, ¶ 69. PS 1-09 grade is one such standard governing structural plywood sold in the United States. *Id.* APA is accredited through the International Accreditation Service, a defendant in the Florida Litigation, as an inspection body pursuant to standards issued by the International Standards Organization. *Id.*, ¶ 71. Through this accreditation, APA certifies plywood plants to produce different plywood grades that conform to product standards, such as PS 1-09. *Id.*

Defendants PFS and TPI similarly engage in the business of both certifying and providing quality assurance inspection services for a broad range of wood products, including structural plywood. *Id.*, ¶¶ 23, 24. Defendants are the only two certifying agencies issuing PS 1-09 compliance certificates to thirty-six plywood plants in two states in southern Brazil. *Id.* ¶¶ 1, 3. The Florida Litigation Plaintiffs allege that the Brazilian plywood plants are falsely stamping their imported plywood as PS 1-09 compliant, that Defendants "provide the gateway into the United States for these falsely advertised panels," and that Defendants failed "to rigorously perform their certification and inspection obligations[.]" *Id.*, ¶ 4.

To support their claims in the Florida Litigation, Plaintiffs rely in part on an APA Product Advisory. Dkt. 1 at 7. In 2017 and 2018, APA secured Brazilian PS 1-09 stamped panels from a variety of producers and tested whether the Brazilian panels met the PS 1-09 requirements. FL SAC, ¶ 97. APA issued a Product Advisory in June 2018 and found that that "100% of the Brazilian panels secured from nine mills operated by seven different Brazilian manufacturers failed both standards by significant margins." *Id.*, ¶ 98; *see also id.* at Exhibit A.

During discovery in the Florida Litigation, the parties have served subpoenas on APA, with which APA has complied. APA asserts it has produced approximately three thousand documents thus far. Dkt. 1 at 4–5. Additionally, APA has complied with two deposition subpoenas: one Rule 30(b)(6) deposition of Dr. Borjen Yeh and one deposition subpoena for an APA lab technician. *Id.* On July 30, 2020, TPI issued a subpoena for APA documents, which is partially the subject of the motion to quash. Dkt. 3-2, Exhibit E. On August 18, 2020, PFS issued subpoenas requesting the deposition of Tom Kositsky and Steve Zylkowski. *Id.*, Exhibits K & L. APA objects to the subpoenas, arguing that the information and documents sought have little to no relevance to the Florida Litigation.

On November 17, 2020, the Non-Parties filed three substantially similar actions in this District and moved to quash the subpoena issued to non-party APA and for protective order. Dkt. 1. On December 3, 2020, Defendants moved to transfer case to the Southern District of Florida. Dkt. 14. On December 7, 2020, U.S. Plywood Integrity Coalition, a Plaintiff in the Florida Litigation, responded in support of Defendants' motion to transfer and in opposition to the Non-Parties' motion to quash. Dkt. 16.

The Non-Parties move this Court to quash the subpoenas issued in the Florida Litigation, while Defendants request that the Court transfer the motion to quash to the Southern District of Florida. The Court will therefore first address Defendants' motion to transfer and then turn to the merits of APA's motion to quash and for protective order, if necessary.

## II.   DISCUSSION

**A.      Motion to Transfer**

      **1.      Standard**

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas in federal court. Rule 45(a)(2) states that a subpoena "must issue from the court where the action is pending." Rule 45(c) directs that a subpoena may only require compliance near the person's home or usual location. If the subpoenaed person wishes to "quash or modify" the subpoena, he must move "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A). This Court is the "compliance court" for the subpoena served on the Non-Parties for purposes of Rule 45.

Rule 45(f) states that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." While local resolution of subpoena disputes is preferred, the 2013 Advisory Committee's Note advises "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Advisory Committee's Note on the 2013 Amendment, Fed. R. Civ. P. 45. Courts applying Rule 45(f) routinely refer to the 2013 Note's language in determining its scope. *See, e.g.*, *Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 428 (N.D. Cal. 2014); *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-CV-0708-RFB-NJK, 2014 WL 4079555, at *6 (D. Nev. Aug. 15, 2014); *Judicial Watch, Inc. v. Valle Del*

1   *Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014); *Cadence Pharm., Inc. v. Multisorb Techs.,*

2   *Inc.*, No. 16MC22G, 2016 WL 4267567, at *3–4 (W.D.N.Y. Aug. 15, 2016).

3       **2.       Exceptional Circumstances**

4       Defendants argue that the complexity of the Florida Litigation and the need to

5   avoid inconsistent rulings amount to exceptional circumstances to warrant transferring

6   the motion to quash. The Non-Parties counter that the Florida Court's familiarity with the

7   Florida Litigation does not amount to an exceptional circumstance. Defendants bear the

8   burden of showing exceptional circumstances to justify transfer, and they have met that

9   burden.

10      In determining whether "exceptional circumstances" exist, courts consider several

11  factors, including the "complexity, procedural posture, duration of pendency, and the

12  nature of the issues pending before, or already resolved by, the issuing court in the

13  underlying litigation." *Judicial Watch, Inc.*, 307 F.R.D. at 34. The Florida Litigation has

14  been ongoing since September 2019, and discovery has been ongoing for approximately

15  one year. The Non-Parties assert that the Florida Court's familiarity alone does not

16  amount to exceptional circumstances, and the Court agrees. The familiarity with the

17  Florida Litigation is just one factor the Court may consider. But the factors presented by

18  Defendants when viewed in total—particularly the complexity of the Florida Litigation

19  and the need to avoid inconsistent rulings—tip in favor of transfer.

20      First, the potential to disrupt the management of the Florida Litigation supports

21  transfer. Though the Florida Court has not issued any rulings regarding the necessity of

22  the requested subpoenas, "nothing in the Advisory Committee Note, or subsequent case

1   law, precludes this Court from relying on other aspects of case management, such as

2   impending discovery deadlines and case-specific issues, to transfer a subpoena-related

3   motion." *Fed. Home Loan Mortgage Corp. v. Deloitte & Touche LLP*, 309 F.R.D. 41, 43

4   (D.D.C. 2015). Discovery in the Florida Litigation is set to close on April 27, 2021, and

5   the parties are mediating the case for the second time on May 5, 2021. *U.S. Structural*

6   *Plywood Integrity Coalition et al.*, 19-cv-62225-RKA, Dkts. 304, 307. Not transferring

7   the motion to quash and motion for protective order risks "disrupting the issuing court's

8   management of the underlying litigation" and interfering with the discovery and

9   resolution timeline of the Florida Litigation. Advisory Committee's Note on the 2013

10   Amendment, Fed. R. Civ. P. 45.

11       Second, there is a risk of inconsistent rulings if the motions are not transferred.

12   The Florida Court has ruled on the same legal arguments raised by the Non-Parties in its

13   motion for protective order. The Non-Parties assert that the documents and depositions

14   sought are trade secrets and confidential, and Magistrate Judge Hunt has ruled and

15   rejected similar arguments raised by Defendants. Dkt. 15-1. Furthermore, Defendants

16   assert that APA argued the same confidentiality position for documents previously

17   produced, but that APA failed to defend its confidential designation before Magistrate

18   Judge Hunt. The Non-Parties do not refute this assertion. It appears that Magistrate Judge

19   Hunt has been actively involved in the Florida Litigation and has resolved many

20   discovery issues, some of which include the legal arguments at issue here. The Florida

21   Court is in a superior position to resolve the motion to quash because of its familiarity

22   with all aspects of the complex litigation.

Finally, contrary to the Non-Parties' assertions, determining the relevance of the contested documents and depositions is not straightforward. Though APA is a Non-Party, it is necessarily intertwined with the Florida Litigation. The basis of the Florida Litigation is in part the APA's Product Advisory on Brazilian plywood, and all the Plaintiffs are APA members. Whether the requested documents and deposition subjects are relevant goes beyond a standard relevancy determination and requires a full understanding of the complexities of the Florida Litigation. Other courts have so held. *See, e.g.*, *Google, Inc. v. Digital Citizens Alliance*, No. 15–00707 JEB/DAR, 2015 WL 4930979, at * 3 (quoting *XY, LLC v. Trans Ova Genetics, L.C.*, 307 F.R.D. 10, 12 (D.D.C. 2014) ("'the relevance argument advanced emphasizes the need for the court where the underlying matter lies to decide the matter.'")). Because of the complex nature of APA's status in the Florida Litigation, the Florida Court is in a better position to determine relevancy.

Therefore, in consideration of the above factors, the Court finds that exceptional circumstances exist warranting the transfer of the motion to the Florida Court.

### 3.  Burden on Non-Party APA

Once exceptional circumstances have been found, "transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." Advisory Committee's Note on the 2013 Amendment, Fed. R. Civ. P. 45. In considering a motion to transfer, "the prime concern should be avoiding burdens on local nonparties subject to subpoenas." *Id.* The Court here finds that the exceptional circumstances outweigh the interests of local resolution.

1    In light of the ongoing COVID-19 pandemic, the Southern District of Florida has

2    issued an administrative order "strongly encouraging" judges "to conduct court

3    proceedings by telephone or video conferencing where practicable." *In re: Coronavirus*

4    *Public Emergency*, Sixth Order Concerning Jury Trials and Other Proceedings,

5    Administrative Order 2020-53, at ¶ 12 (S.D. Fla., filed Aug. 11, 2020), *available at*

6    https://web.flsd.uscourts.gov/uploads/adminOrders/2020/2020-53.pdf. Indeed,

7    Defendants assert that every Florida Litigation deposition that has occurred after COVID-

8    19 related shutdowns has been conducted remotely. Dkt 14 at 7. The burden on the Non-

9    Parties in transferring the motion to quash to the Florida Court is minimized greatly

10   because of these efforts. *See* Advisory Committee's Note on the 2013 Amendment, Fed.

11   R. Civ. P. 45 ("judges are encouraged to permit telecommunications methods to

12   minimize the burden a transfer imposes on nonparties.").

13   The Non-Parties are correct that the consideration of the burden on a non-party "is

14   not just about the cost of airfare," Dkt. 28 at 11, but the burden is significantly lessened

15   because of the availability of remote hearings. Transferring the motion to quash and for

16   protective order will impose a minimal burden on the Non-Parties, and the burden is

17   outweighed by the exceptional circumstances present here.

18   The Court thus concludes that Defendants have shown exceptional circumstances

19   to justify transfer and that the burden on Non-Party APA would be minimal, and

20   therefore Defendants' motion to transfer is granted.

21

22

1

### III.  ORDER

2      Therefore, it is hereby **ORDERED** that Defendants PFS Corporation and Timber

3  Products Inspection's joint motion to transfer, Dkt. 14, is **GRANTED**. The Non-Parties'

4  motion to quash and for protective order, Dkt. 1, shall be transferred to the United States

5  District Court for the Southern District of Florida.

6      The Clerk shall close the case.

7      Dated this 5th day of February, 2021.

8

9                                        _____

10                                       BENJAMIN H. SETTLE
                                         United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22